Argued June 10, reversed and remanded July 29, 1976

REYNOLDSON, *Appellant,*
*v.*
JACKSON, *Respondent.*

552 P2d 236

*Eric C. Larson,* Gresham, argued the cause for appellant. With him on the brief were Martin D. Sharp, and Larson & Sharp, Gresham.

*Edward H. Warren,* Portland, argued the cause for

respondent. With him on the brief were William H. Mitchell, and Hershiser, Mitchell & Warren, Portland, and Gene A. Killeen, of Solomon, Warren, Killeen & Kirkman, Portland.

Before Denecke, Chief Justice, and McAllister, Tongue and Howell, Justices.

HOWELL, J.

**HOWELL, J.**

Plaintiff filed this action to recover for personal injuries which she sustained after being struck by an automobile driven by defendant. Plaintiff appeals from a judgment entered on a jury verdict for defendant.

The sole issue presented on the appeal is whether certain testimony from a police officer who investigated the accident constituted inadmissible hearsay.

The accident occurred on December 31, 1973, at approximately 5 p.m. at the corner of S. E. 185th Avenue and East Burnside Street in Portland. East Burnside is a four-lane street running generally east and west, and 185th Avenue runs generally north and south. Plaintiff and her 89-year-old brother had been grocery shopping and had started to cross Burnside at an unmarked crosswalk at the intersection with 185th. They were walking north along 185th and proceeding toward her apartment which was located on the north side of Burnside. Plaintiff was struck by defendant's auto when she was in the eastbound lane of Burnside.

The accident was investigated by Officer Hutchinson of the Portland Police Department. Over plaintiff's objection, Hutchinson testified that he had had a discussion with plaintiff's brother who indicated that he and his sister had been crossing Burnside approximately 20 feet east of the intersection. This conversation apparently took place sometime after the accident and after the officer had cleared the traffic. The testimony was directly contrary to the testimony of another witness, a lieutenant with the Multnomah County Fire Department, who saw the accident and who testified that the crosswalk was unmarked, but "had there been a marked crosswalk the pedestrian would have been in the middle of it."

The police officer's testimony was important because if the accident had occurred outside the crosswalk, the defendant, rather than the plaintiff, would

have had the right-of-way. Plaintiff objected to the officer's testimony on the grounds that it constituted inadmissible hearsay. After some discussion, the court overruled plaintiff's objection and admitted the testimony.

The defendant contends that the evidence constituted an exception to the hearsay rule and was admissible either as a declaration against the pecuniary interest of plaintiff's brother or because the statements "were accurately remembered and related" and there was an "aura of trustworthiness" about the statements that made them admissible. Defendant relies on the decision of this court in *Timber Access Ind. v. U. S. Plywood,* 263 Or 509, 503 P2d 482 (1972). There, we held that statements which had been made by the deceased manager of a plywood plant and which would have been detrimental to the interests of his employer, the defendant, were admissible. We found that the declaration would not fit neatly into any of the generally recognized exceptions to the hearsay rule, but that the statements were admissible because, under the circumstances, "there was an aura of trustworthiness about them which makes evidence of them admissible." 263 Or at 519.

That "aura" is nonexistent in the present case. The declarant was 89 years old, and the police officer himself described the declarant as "slightly confused" at the time he made the statements. The declarant had fallen at the time of the accident, and, although seemingly uninjured, he must have been somewhat shaken by the experience. Moreover, he was adjudged incompetent, apparently because of senility, when called as a witness by the defendant at the time of the trial. Rather than evidencing an aura of trustworthiness, we find that these facts clearly indicate that the accuracy of declarant's statements was inherently suspect.

The defendant also argues that the statements were admissible as a declaration against the pecuniary

interests of the declarant. McCormick states the rule as follows:

> "To satisfy the instant exception to the hearsay rule in its traditional form, two main requirements must be met: first, the declaration must state facts which are against the pecuniary or proprietary interest of the declarant, or the making of the declaration itself must create evidence which would endanger his pocketbook if the statement were not true; second, the declarant must be unavailable at the time of trial. These two requirements, when satisfied, are believed to furnish respectively the safeguard of special trustworthiness and the requisite of special need for the use of hearsay, which are the traditional justifying elements of most of the exceptions to the hearsay rule. * * *" (Footnotes omitted.) McCormick on Evidence 670, § 277 (2d ed 1972).

■ The above rule has been qualified by the requirement that there be some evidence, or at least an inference which could be drawn from that evidence, which indicates that the declarant realized that the statements were against his pecuniary interest at the time they were made. *See Timber Access Ind. v. U. S. Plywood, supra* at 519. *See also Filesi v. United States,* 352 F2d 339, 343-44 (4th Cir 1965); *Carson v. Squirrel Inn Corp.,* 298 F Supp 1040, 1047-48 (D SC 1969); Jefferson, *Declarations Against Interest: An Exception to the Hearsay Rule,* 58 Harv L Rev 1, 17-23 (1944). There was absolutely no evidence to that effect in this case. Since the declarant was not struck by the car and apparently suffered no injuries as a result of the accident, any pecuniary interest he might have had as a result of the accident would be speculative and remote. Moreover, even if he had been aware that he might have some pecuniary interest at stake, it is doubtful that he would have further realized that he was impairing that interest by placing the site of the accident where he presumably did.

■ However, we feel that there is an even more significant reason why this testimony was not admissible under this exception to the hearsay rule. The customary justification for the pecuniary interest exception is

that the requirement that the statement be against the declarant's interest supplies the trustworthiness element normally absent in hearsay situations.[1] The trustworthiness of the statement is the important factor. If the other circumstances surrounding the declaration, including the condition of the declarant, clearly indicate that the declaration is inherently untrustworthy, as in this case, the declaration should not be deemed admissible simply because it happens to be against the declarant's pecuniary interest.

We conclude that the police officer's testimony which related the statements of plaintiff's brother following the accident was inadmissible hearsay. It was also undoubtedly prejudicial because of the effect it had on the question of which party had the right-of-way. Therefore, the plaintiff is entitled to a new trial.

Reversed and remanded.

---

[1] *See* 5 Wigmore, Evidence 329, § 1457 (rev ed 1974); McCormick on Evidence 670, § 276 (2d ed 1972). *See also Timber Access Ind. v. U. S. Plywood,* 263 Or 509, 521, 503 P2d 482 (1972). The other general requirement is that the declarant must be unavailable to testify at the trial.