Argued and submitted October 6, 1986, reversed and remanded for new trial
May 20, 1987

# STATE OF OREGON,
*Respondent,*

*v.*

# JEFF LYNN APPERSON,
*Appellant.*

## (85-1046-M; CA A40043)

736 P2d 1026

William J. Mackay, Grants Pass, argued the cause for appellant. With him on the brief was Schultz, Salisbury & Cauble, Grants Pass.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

Rossman, J., dissenting.

## JOSEPH, C. J.

Defendant appeals his conviction for assault in the fourth degree. He contends that the trial court erred in overruling his objection to the admission of hearsay.[1] We reverse.

Defendant was charged with assault in the fourth degree and harassment. At trial, the victim testified that she could not remember any physical contact between herself and defendant nor specifically what she told a police officer on the night in question. The state then called the officer to testify about statements which the victim had made to him. Defendant objected to the testimony as inadmissible hearsay. The trial court overruled the objection on the basis that the declarant (the victim) was unavailable, as defined in OEC 804(1)(c), and that the statements were admissible as an exception to the hearsay rule under OEC 804(3)(f). The officer then testified that, approximately 30 minutes after the alleged assault had occurred, the victim told him that she and defendant had been arguing, that she had threatened to leave him, that defendant had told her that he loved her and that he then threw her on the floor, slapped her, picked her up and threw her against the wall.[2] The jury found defendant not guilty of harassment and guilty of assault.

The parties agree that the statements do not qualify for admission under any of the specific exceptions to the hearsay rule. The state seeks to justify admission under OEC 804(3)(f), the residual exception, which provides:

"The following are not excluded by [OEC 802] if the declarant is unavailable as a witness:[3]

"* * * * *

"(f)   A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can

---

[1] Defendant's other assignments of error lack merit and therefore require no discussion.

[2] We express no opinion about the meaning of love in this context.

[3] Defendant does not challenge the trial court's finding that the victim was unavailable as a witness. *See* OEC 804(1)(c).

procure through reasonable efforts; and (C) the general purposes of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this paragraph unless the proponent of it makes known to the adverse party the intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing, or as soon as practicable after it becomes apparent that the statement is probative of the issues at hand, to provide the adverse party with a fair opportunity to prepare to meet it."

The legislative intent is that the residual hearsay exception "be used *very rarely,* and only in situations where application of the hearsay rule and its other exceptions would result in injustice. These rules are not a broad grant of authority to trial judges to admit hearsay statements." Legislative Commentary to OEC 803(24). (Emphasis supplied.)[4]

The trial court determined that the requirements of (A), (B) and (C) had been met, but made no express determination of the statements' trustworthiness. Defendant contends that they do not have sufficient circumstantial guarantees of trustworthiness. We agree.

Other testimony established that, immediately after the alleged assault, the victim went to a neighbor's home to use the telephone. The neighbor testified that the victim was very upset and appeared to have a "pink spot" on her face. Testimony at trial also established that the victim talked with her mother twice between the incident and when she spoke with the officer. She also met with another officer[5] before she spoke with the officer who testified. The victim testified that she could not remember any physical contact between herself and defendant, that she had been angry because defendant had been with his ex-wife at the ex-wife's home and that she had intended to enter the ex-wife's home and start a fight with her.

We conclude that there is nothing in those facts to

---

[4] The legislative commentary to OEC 803(24) applies to OEC 804(3)(f). Legislative Commentary to OEC 804(3)(f).

[5] That officer testified that he saw a bruise and a scratch on the victim's face. That, of course, was not hearsay. He did not testify that the victim said anything to him about defendant.

give the statements a guarantee of trustworthiness equivalent to that accorded the kinds of statements specified in OEC 804(3), because they lack the motivational basis for truth-telling that the specific exceptions in the rule have.[6] If we were to hold that the circumstances described are sufficient to support a conclusion of trustworthiness, we would effectively abolish the hearsay rule. Moreover, that the victim made her statements to a police officer does not render them significantly more trustworthy than if she had made them to anyone else. *See, e.g., Reynoldson v. Jackson,* 275 Or 641, 552 P2d 236 (1976).[7]

Reversed and remanded for a new trial.

**ROSSMAN, J.,** dissenting.

I agree with the majority that the police officer's testimony concerning statements the victim made to him was not admissible under any of the specific exceptions to the hearsay rule. However, in my opinion, the circumstances under which the statements were made clearly guarantee their trustworthiness and, therefore, the trial judge's decision to admit them under the residual exception as provided in OEC 804(3)(f) was well within the realm of sound judicial discretion. Accordingly, I respectfully dissent.

OEC 804(3) provides, in part:

"The following are not excluded by [OEC 802] if the declarant is unavailable as a witness:

"* * * * *

"(f) A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is

---

[6] The specific exceptions are: former testimony, statements made under belief of impending death, statements against pecuniary or proprietary interest, statements concerning family history and statements made in a professional capacity. OEC 804(3).

[7] The dissenter needs to reread *State v. Campbell,* 299 Or 633, 705 P2d 694 (1985). The general exceptions in OEC 803 and OEC 804 cannot serve to avoid the strictures of the specific exceptions themselves. The dissent also totally ignores the fact that the statements in issue are wholly unlike any of the specific exceptions in the rule. Finally, one must wonder what this court's duty is if it does not encompass "mandating how the trial judge had to rule on the admissibility of this evidence." 85 Or App at 435.

offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence."

A witness is unavailable if she testifies to "a lack of memory of the subject matter of a statement." OEC 804(1)(c). Here, defendant does not contend that the victim is not unavailable. Her statements to the police officer are material and more probative of the assault that defendant is accused of committing than any other procurable evidence. Clearly, their admission is necessary to the state's prosecution of the case and serves the interests of justice. Accordingly, the only issue is whether the circumstances under which the victim made the statements guarantee their trustworthiness.

I believe that the circumstances under which the statements were made do guarantee their trustworthiness. The victim made them shortly after the alleged assault occurred. She had no apparent reason to fabricate a story. In fact, she had a very good reason not to lie: ORS 162.375 makes it a crime to give a false report to a law enforcement agency. It is also significant that she has never recanted her story. Moreover, the police officer observed scratches and bruises that were consistent with her allegations. Surely, the majority would not suggest that she purposely inflicted the injuries on herself in order to make her story more believable. In short, this victim was in a position to know what happened to her and to relate the events to the police.

The majority's expressed fear that the hearsay rule would be effectively abolished if we affirm the trial court is unfounded. This is exactly the type of situation which the residual exception to the hearsay rule is meant to cover. The victim's statements very nearly fit into the excited utterance exception to the hearsay rule. OEC 803(2). Their timeliness is compensated for by their consistency with the victim's injuries. Apparently, however, the majority believes that if an out-of-court statement somewhat resembles one of the specific exceptions but does not exactly meet the requirements of that exception, the residual exception necessarily does not apply. Unfortunately, that approach will inevitably lead to the abolition of the residual exception.

Determining the trustworthiness of any evidence, as it pertains to admissibility, involves an exercise of discretion. Thus, the real issue is whether the ruling is within the permissible range of the trial judge's discretion. Our duty is not to mandate how the trial judge must rule unless the circumstances surrounding the making of the statements render them trustworthy or untrustworthy as a matter of law.

I am satisfied that the trial judge's decision was well within the permissible range of judicial discretion. Whether the victim's accusations are, in fact, true is for the jury to determine. Accordingly, I would affirm.