Argued and submitted February 27, affirmed July 11, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD E. CARSKADON,
*Appellant.*

(DA 310051-8512; DA 310052-8512;
CA A41152 (Control); CA A41153)

739 P2d 1054

Charles P. Denkers, Portland, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Young, Judge.

WARDEN, P. J.

---

* Joseph, C. J., *vice* Van Hoomissen, J.

## WARDEN, P. J.

Defendant appeals his convictions for harassment, ORS 166.065, and menacing. ORS 163.190.[1] Both charges were tried to the court. Defendant contends that the trial court erred in permitting hearsay testimony in the trial for menacing and that it erred in permitting the introduction in the trial for harassment of a civil injunction permanently restraining defendant from approaching within 100 yards of the victim or telephoning him. We affirm.

During the trial on the menacing charge, Sherris, a Portland attorney, testified that, in November, 1985, as he walked to his car after work, he heard somebody yell behind him, that he turned and saw defendant standing on the sidewalk holding a pocketknife and that defendant then chased him to his car. He also testified that, after he had locked himself in his car, defendant proceeded to clean his own fingernails with the knife and that, as he drove from the parking lot, defendant made a threatening gesture with the knife. Defendant testified that he only walked up to Sherris' car and made general inquiries of him and made no threatening gestures whatsoever.

On direct examination, defendant volunteered that he had never been in a fistfight. On cross-examination, he denied that he had ever been in a fight or had ever injured his ex-wife or her present husband. Sherris then testified on rebuttal for the prosecution that, when he had represented defendant's ex-wife in a dissolution proceeding, she had, on one occasion, appeared to have been battered and that her present husband appeared to have been in an altercation. Sherris was then asked whether he had heard the cause of any of the physical marks he had observed. Defendant objected on hearsay grounds. The court ruled that the statement was not being offered for the truth of the matter asserted and stated, "Based upon the door being opened, the objection is overruled." Sherris then testified that both the defendant's ex-wife and her husband had told him that defendant had caused the injuries which he had observed.

The state concedes that that testimony is hearsay

---

[1] The charges were tried separately, and we granted defendant's motion to consolidate the appeals.

and that, if it was properly admitted, it had to be under the catch-all hearsay exception provision, OEC 803(24). We decline to apply the catch-all provision to this case, because we see nothing about the statement indicating that it has circumstantial guarantees of trustworthiness equivalent to the specific exceptions found in OEC 803. *See also State v. Apperson,* 85 Or App 429, 736 P2d 1026 (1987); Legislative Commentary to OEC 803(24).

■       The next inquiry is whether the error in admitting the testimony was prejudicial. We are required to affirm the trial court, notwithstanding evidential error, whenever there is "(1) substantial and convincing evidence of guilt in a criminal case, and (2) little, if any, likelihood that the error affected the verdict." *State v. Miller,* 300 Or 203, 220, 709 P2d 225 (1985), *cert den* 476 US ___ (90 L Ed 2d 339) (1986). We are satisfied that there was substantial and convincing evidence of defendant's guilt of menacing, even without Sherris' challenged testimony, and that there is little likelihood that the error affected the trial judge's verdict.

Defendant's other assignment of error relates to the harassment trial. The complaint alleged, and Sherris testified that, in October, 1985, defendant phoned him and said that he "was going to get the biggest nigger in North Portland to beat him to death and cut his guts out." He then testified that, before that incident, he had taken civil action to enjoin defendant from contacting him. Defendant contends that the court erred by then allowing the state to introduce as evidence of defendant's intent to harass a copy of a circuit court injunction permanently restraining defendant from approaching within 100 yards of Sherris or telephoning him. Defendant argues that the state must establish a factual similarity between the underlying facts supporting the injunction and the allegations charging harassment. That argument goes to the relevance of the evidence.

■       The state contends that defendant objected to the exhibit solely on the ground that its probative value was outweighed by its prejudicial effect and that we should therefore not consider defendant's arguments challenging its admission on grounds of relevance. We agree.

Affirmed.