Argued and submitted April 10, reversed and remanded for new trial May 29, 1991

STATE OF OREGON,
*Respondent,*

*v.*

RICK LESLIE LYMAN,
*Appellant.*

(90-61034; CA A66828)

812 P2d 23

Michael E. Ford, Springfield, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. At trial, the state called his wife, Judy, but she asserted the marital privilege, OEC 505(3), and refused to testify. Defendant assigns error to the admission of her out of court statements under the exception for statements against pecuniary interest. OEC 804(3)(c). We reverse.

Officer Rothermund testified: He went to defendant's home to investigate a domestic disturbance at 4:05 p.m. Defendant appeared coming out of the bushes and acknowledged that he had been drinking. Ten or fifteen minutes later, Judy walked up to the house in a highly agitated state. She told the officer that she had just hidden their car, so that defendant could not drive it. She said that she was tired of defendant's drinking and driving and that she had hidden the car for their own good. She explained that they had been fighting because defendant had failed to pay the rent on time. She said that she had seen defendant driving at 3 p.m., while she was on the telephone to someone at Al-Anon, and she thought that he was then intoxicated. Rothermund arrested defendant for driving under the influence. Defendant gave Judy some money before he left.

Defendant objected to Judy's out of court statements, and the trial court stated:

> "I'm sure that Mrs. Lyman was concerned about the rent money, as shown by the testimony as counsel for the defense has argued. I'm also sure she was kind of tired of her husband's drinking and driving, as she said to the officer. And then the question is whether she really said these things, appreciating the risk that he might be taken in for drinking and driving, or driving under the influence. Or whether she just wanted to resolve the immediate problem.

> "I think as a trier of fact, we could from these circumstances find that she was concerned with both matters. That yes she was interested in the fate of the rent money but she was now so tired of his drinking and driving that she was willing to take the risk to tell the police officer regarding what happened, what her husband was doing, and in today's society, people know that there can be serious consequences from that, and this wouldn't be the first time, I'm sure, that someone in the position of the spouse is taking the tough-love

approach, even though the results may be pecuniarily adverse, not only to the offending spouse but also to the spouse, mate's statements.

"On that basis, all of the statements recited by the officer will be received as evidence in this case. On the hearsay exception where the declarant is unavailable – [OEC] 804(3)(c)."

"We view the record consistent[ly] with the trial court's ruling * * *." *State v. Carlson,* 311 Or 201, 214, 808 P2d 1002 (1991). The state argues that the evidence was admissible under OEC 804(3)(c), which allows admission of a

"statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the person believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

The rule also requires that the declarant be unavailable, but defendant does not dispute that that condition was met when Judy asserted the marital privilege.

This is the first case to address the exception for statements against pecuniary interest as it is formulated in OEC 804(3)(c). The Legislative Commentary to the rule explains that that kind of statement is reliable because people do not say things that are damaging to their interests, unless they believe that they are true. OEC 804(3)(c) incorporates the rationale into the rule by requiring the statement to be "so far contrary to the declarant's * * * interest * * * that a reasonable person in the declarant's position would not have made the statement unless the person believed it to be true." *Compare Persad v. Kaiser Foundation Hospital, Inc.,* 106 Or App 615, 809 P2d 706 (1991).

The trial court implicitly found that defendant's and Judy's finances were interrelated. It found that Judy appreciated the risk that her statements exposed defendant to penal sanctions and reasoned that people know that there may be

serious consequences of a conviction for driving under the influence of intoxicants. The question, however, is not merely whether she appreciated the risk, but whether a reasonable person in her position would consider the risk so great that she would not tell a lie. We conclude that, under the circumstances, the risk of pecuniary loss to Judy was too attenuated to ensure that the statements were reliable.

A reasonable person's veracity is more likely to be affected by considerations of the primary effect of statements than by considerations of indirect effects. The primary effect here was to expose defendant to penal sanctions. Judy made the statements after having a fight with her husband that was of sufficient magnitude for the police to be called. She was angry at him for failing to pay the rent and upset, because she thought he intended to drive when he was intoxicated. Pecuniary loss to defendant from the penal sanctions was only a secondary effect, and pecuniary loss to Judy because of her husband's loss was even further removed. The statements were not so far contrary to her pecuniary interests that a reasonable person in her position would not have said them if she believed that they were untrue.

The state does not argue that the evidence is admissible under any other exception.

Reversed and remanded for a new trial.