Submitted on remand from the Oregon Supreme Court November 3, 2011, affirmed January 5, petition for review denied May 3, 2012 (352 Or 25)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN LAWRENCE ANTHONY,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0700610; A136945

270 P3d 360

Laura Graser for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, Janet A. Metcalf, Assistant Attorney General, and Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

This case comes to us on remand from the Supreme Court with instructions to reconsider our first decision, *State v. Anthony*, 234 Or App 659, 228 P3d 1222 (2010), in light of *State v. Cazares-Mendez/Reyes-Sanchez*, 350 Or 491, 256 P3d 104 (2011). In *Anthony*, we relied on our decision in *State v. Cazares-Mendez*, 233 Or App 310, 227 P3d 172 (2010) (*Cazares-Mendez I*); the Supreme Court subsequently took review of *Cazares-Mendez I* and, although it affirmed our decision in that case, it employed different reasoning. Our task, then, is to apply that reasoning here. We affirm.

In 2007, defendant was charged with the aggravated murders of an elderly couple in Lake Oswego. The murders had occurred 27 years earlier, in 1980. At a pretrial hearing, the court ruled that the defense could not introduce testimony from a man named Jackson to the effect that a third man, Smith, had told him (Jackson) that he (Smith) was the perpetrator of the murders for which defendant was on trial. Jackson and Smith had been cellmates. Defendant was subsequently convicted. On appeal, he assigned error to the court's ruling prohibiting the hearsay evidence of Smith's confessions. In affirming the trial court's decision, we wrote:

> "[D]efendant argues that the court erred in excluding a hearsay statement from a third party allegedly confessing to the crime for which defendant was convicted. Defendant relies on OEC 804(3)(c). That provision allows admission of such statements if (1) the declarant is unavailable, (2) the statement is so inculpatory that a reasonable person in the position of the declarant would not have made the statement unless it was true, *and* (3) corroborating circumstances clearly establish that the statement is trustworthy. *State v. Schutte*, 146 Or App 97, 101, 932 P2d 77 (1997). We reject without discussion defendant's argument that, because the witness's testimony was evasive, he was unavailable for purposes of OEC 804(3)(c). [Thus, ordinarily, the hearsay statement would be inadmissible, because the declarant was available.]

> "Nonetheless, in a recent case, we held that, where 'the corroboration/'trustworthiness' requirement for admission of statements against penal interest' is met, exclusion as

hearsay evidence of a confession merely because the confessing witness is not 'unavailable' can, in some circumstances, violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. [*Cazares-Mendez I*, 233 Or App at 323]. * * * Although we held in *Cazares-Mendez [I]* that the circumstances there were sufficiently clear to establish the trustworthiness of the hearsay confession so as to justify a due process inquiry, we reach a different conclusion here.

"In brief, the corroboration in *Cazares-Mendez [I]* consisted of *multiple* witnesses who had heard *detailed* confessions that 'related *particulars* that were *peculiar* to' the crime that defendant allegedly committed. *Id.* at 326 (emphasis added). Here, the 'corroboration' consisted of the following details: an uninvolved witness saw an unidentified man in the doorway of the victims' house on the night after the murder; the same witness saw two motorcycles outside the victims' home, and the witness who confessed owned a motorcycle; and a different witness saw 'two ominous-looking men' walking toward the victims' home on the night of the murder. That evidence is a far cry from what the defendant presented in *Cazares-Mendez [I]*. In light of the circumstances presented, the trial court did not err in excluding the hearsay confession in this case."

*Anthony*, 234 Or App at 663-64 (emphasis in original).

In its opinion in *Cazares-Mendez*, the Supreme Court clarified certain aspects of the rule that a statement against penal interest is admissible, even if the declarant is available, if "corroborating circumstances clearly indicate the trustworthiness of the statement." 350 Or at 506 (quoting OEC 804(3)(c)). The proper focus of the trustworthiness inquiry, the court held, is not the trustworthiness of the witness, but of the declarant. *Id.* at 506-11. Thus, our focus in our original opinion in *Anthony* on the circumstances that defendant introduced in order to demonstrate that the witness's hearsay testimony was trustworthy was misplaced; the proper focus was on the declarant himself.

The declarant was singularly untrustworthy. He was a self-confessed serial killer, serving five consecutive life sentences, whose testimony was, in the words of defendant's own appellate counsel, "disjointed and evasive." When asked how many murders he had been convicted of, he replied, "It's

difficult for me to testify, not having records before me to recall that[.]" He testified in court that he had no involvement in the Lake Oswego murders for which defendant was on trial. His supposed "confession" to Jackson—"Me and [another person, not defendant] did that one,"—was far from detailed, and was itself contradicted by his subsequent denials to, among others, Jackson. Further, as we noted in our first opinion, nothing in the circumstantial evidence that defendant cites to bolster the theory that Smith was the perpetrator, and hence that Smith's confession" was trustworthy, prove anything of the sort. In sum, applying the analysis that the Supreme Court mandates in *Cazares-Mendez*, we reach the same conclusion we reached in our first opinion. The court did not deny defendant due process of law by excluding hearsay evidence of Smith's confession.

Affirmed.